**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAQUAILLE BRYANT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT GILMORE, *et al.* | : | NO. 19-327 |

<u>**MEMORANDUM**</u>

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                  April 15, 2020

Presently before the court is a Petition for a Writ of Habeas Corpus filed by Laquaille

Bryant ("Petitioner"), *pro se*, pursuant to 28 U.S.C. § 2254.  Petitioner is currently serving a life

sentence at SCI Greene in Waynesburg, Pennsylvania, after conviction on two counts of first-

degree murder and related, lesser offenses.  Resp. at 1.  The Honorable Joseph F. Leeson, Jr.

referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant

to 28 U.S.C. § 636(B)(1)(B).  For the reasons set forth below, it is ordered that the habeas petition

be placed in civil suspense.

## I.        FACTUAL AND PROCEDURAL HISTORY[1]

Petitioner is challenging his conviction in the Court of Common Pleas for Philadelphia

County.  Pet. at 3.  On April 21, 2010, Petitioner pleaded guilty to two counts of first-degree murder

and one count each of witness intimidation, possession of a firearm, and possession of an

instrument of crime.  *Commonwealth v. Bryant*, 67 A.3d 716, 720 (2013).  On May 5, 2010, the

Court of Common Pleas sentenced Petitioner to death for each murder.  *Commonwealth v. Bryant*,

67 A.3d 716, 720 (Pa. 2013).  After his right to direct appeal was reinstated, under Pennsylvania's

Post-Conviction Relief Act (PCRA), Petitioner appealed his conviction, to challenge the

---

[1] The facts set forth in this background and procedural history were gleaned from Petitioner's habeas corpus petition ("Pet."), Commonwealth's Response thereto ("Resp."), and the state court record.

voluntariness of his confession, the admission of photographs of the victim during the penalty phase hearing, and the prosecutor's alleged misconduct during closing argument.  Resp. at 4.  On May 28, 2013, the Pennsylvania Supreme Court affirmed his verdict and sentence.  *Commonwealth v. Bryant*, 67 A.3d 716, 735 (Pa. 2013).  Petitioner did not seek *certiorari*.

On July 26, 2013, Petitioner filed a motion to stay his execution and to seek collateral review; the request to stay his execution was granted on December 17, 2013.  Resp. at 4; Crim Docket: CP-51-CR-0006272-2008, 11 (Apr. 2, 2020).  On August 4, 2014, Petitioner, through counsel, filed his first PCRA petition.  Crim Docket: CP-51-CR-0006272-2008, 11 (Apr. 2, 2020).  On April 14, 2017, Petitioner requested to represent himself in the PCRA proceedings.  Resp. at 4.  However, on August 14, 2017, Petitioner's counsel filed an amended PCRA petition on his behalf, with complaints of:  the failure to have a proper guilty plea colloquy administered; trial counsel's ineffectiveness in allowing this failure and appellate counsel's failure to appeal it; lack of a speedy trial and trial counsel's failure to raise his speedy trial claim; his warrantless arrest and trial, appellate, and PCRA counsel's ineffectiveness in not raising this claim; the fabrication of his confession and ineffective assistance of trial and appellate counsel in not advancing this claim; the involuntary nature of his guilty plea and trial, appellate, and PCRA counsel's ineffectiveness in not presenting this claim; deprivation of his right to withdraw the guilty plea because of the ineffective assistance of trial counsel; prosecutorial misconduct during closing arguments and in withholding exculpatory evidence and the ineffective assistance of all prior counsel in failing to investigate and raise this claim; the absence of transcripts on direct appeal; and a defective jury instruction was given during the penalty phase hearing.  Resp. at 4.

On June 6, 2019, the PCRA court vacated Petitioner's death sentence and re-sentenced him to two consecutive terms of life in prison.  Resp. at 5.  The PCRA court, also, granted Petitioner's

request to represent himself.  Resp. at 5.  Petitioner's *pro se* PCRA petition is currently pending.

Resp. at 5.  Although the criminal docket reflects that the PCRA court continued Petitioner's case

in order to send a Rule 907 notice, informing him of its intention to dismiss his case without a

hearing, Crim Docket: CP-51-CR-0006272-2008, 18 (Apr. 2, 2020); as of April 2, 2020, the court

had not issued it.  *Id.*

On January 16, 2019, Petitioner filed the instant Petition for Writ of Habeas Corpus.  Pet.

at 1.  Petitioner alleges that: (1) the trial court failed to properly colloquy and definitively

pronounce acceptance or rejection of the guilty plea; (2) trial counsel was ineffective for not

challenging the trial court's failure to properly colloquy and definitively pronounce acceptance or

rejection of the guilty plea; (3) his statutory and constitutional rights to a speedy trial were violated

by trial counsel, the prosecution, and the trial court; (4)  trial counsel was ineffective for not

challenging the violation of his statutory and constitutional rights to a speedy trial; (5) there was

no probable cause for his arrest; (6) appellate counsel was ineffective for not exhausting this claim;

(7) the police manufactured a false confession; and (8) appellate counsel was ineffective for not

exhausting this claim.  Pet. at 7-17.

## II.    DISCUSSION

A prerequisite to the issuance of a writ of habeas corpus on behalf of a person in state

custody pursuant to a state court judgment is that the petitioner must have "exhausted the remedies

available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A); *see also Ex parte* Hawk, 321 U.S.

114, 116-17 (1944).  To satisfy this requirement, a petitioner must have "fairly presented" the

merits of their federal claims through "one complete round of the established appellate review

process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  In light of a May 9, 2000 order of

the Pennsylvania Supreme Court, it is not necessary for Pennsylvania inmates to seek *allocatur*

from the Pennsylvania Supreme Court in order to exhaust state remedies.  *Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).  A federal claim has been fairly presented to the state courts where the petitioner has raised "the same factual and legal basis for the claim to the state courts." *See Nara v. Frank*, 488 F.3d 188, 198–99 (3d Cir. 2007), *as amended* (June 12, 2007).

A claim that was not "fairly presented" remains unexhausted and may not be reviewed. *Boyd v. Waymart*, 579 F.3d 330, 368 (3d Cir. 2009) (citing *Cristin v. Brennan*, 281 F.3d 404, 410 (3d Cir. 2002)).  The habeas petitioner bears the burden of "proving exhaustion of all available state remedies."  *Boyd*, 579 F.3d at 367 (quoting *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir. 1997)).  Here, because Petitioner has a PCRA petition pending in state court, his claims are not properly exhausted; thus, his petition is subject to dismissal.  Crim Docket: CP-51-CR-0006272-2008, 18 (Apr. 2, 2020).  However, this court must consider if dismissal will cause him to be unable to refile after exhaustion.

28 U.S.C. § 2244 provides that "[a one]-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The one-year period "begins to run from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"  *Morris v. Horn*, 187 F.3d 333, 337 (3d Cir. 1999) (citing 28 U.S.C. § 2244(d)(1)(A)).  However, "[t]he statute is tolled . . . for 'the time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.'"  *Id.* (citing 28 U.S.C. § 2244(d)(2).  An application for State post-conviction relief or other collateral review is "properly filed" when the state petition's "delivery and acceptance [is] in compliance with the applicable laws and rules governing filings[,]" including "time limits upon its delivery."  *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

Petitioner herein did not seek *certiorari* in the U.S. Supreme Court, accordingly, his judgment became final on August 26, 2013, when the 90-day deadline to petition for *certiorari* expired. *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999). However, Petitioner's PCRA petition and/or amended PCRA petition have been pending in state court since August 4, 2014; Petitioner's habeas statute of limitations was tolled on that date. Still, his statute of limitations to file the instant habeas petition ran for 343 days, from August 26, 2013 until August 4, 2014.

Petitioner's statute of limitations to file a federal habeas petition will commence to erode again either 30 days after his PCRA claim is denied, *i.e.*, when his time to appeal expires, or 30 days after the Superior Court decides his appeal, if he does not seek *allocatur*. 28 U.S.C. § 2244(d)(1)(A); Pa. R. Cr. P. 720(A)(2)(a). However, if Petitioner seeks *allocatur*, the statute of limitations to file his habeas petition would stop tolling as soon as *allocatur* is denied. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Petitioner would be left with a mere 22 days to file his habeas petition. Pennsylvania policy requires that inmate's mail be sent to a central processing facility in St. Petersburg, Florida, where it is opened, scanned, and emailed back to the appropriate correctional facility. *Mail*, Dep't Corrections, https://www.cor.pa.gov/family-and-friends/Pages/Mailing-Addresses.aspx (last visited Apr. 8, 2020). This process is supposed to take from six to eight days, *id.,* however, this court has experienced longer delays. Hence, Petitioner's statute of limitations likely will begin to run before he receives notice that *allocatur* was denied. Petitioner will be left with an extremely limited period of time to obtain, properly complete and file the necessary forms to timely seek habeas relief. For this reason, dismissal of Petitioner's unexhausted claims may, ultimately, deprive him of any opportunity to timely present a habeas petition. Accordingly, to assure Petitioner the ability to seek habeas review, this court will place this case into civil suspense, pending conclusion of Petitioner's PCRA proceedings.

### III.    CONCLUSION

Petitioner's claims are not exhausted, because he has a PCRA petition pending in state court, which contains his habeas claims.  However, dismissing Petitioner's claims as unexhausted could prevent him from timely refiling the instant habeas petition.  Accordingly, this case is placed in civil suspense, until PCRA review is completed.

An implementing order follows.